within the inherent power of the bankruptcy court to sanction such tactics.[3] We therefore affirm the award of sanctions.

AFFIRMED as to sanctions; otherwise DISMISSED. Costs on appeal awarded against Appellant.

**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Josie LAPRADA, Defendant— Appellant.**

**No. 04–30448.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Feb. 1, 2006.

James E. Seykora, Esq., Billings, MT, for Plaintiff-Appellee.

Luis B. Juarez, Esq., Juarez Law Office, Las Vegas, NM, for Defendant–Appellant.

Before: HUG, O'SCANNLAIN and SILVERMAN, Circuit Judges.

MEMORANDUM **

Josie LaPrada appeals from her 97–month sentence imposed following her

guilty plea conviction to conspiracy to possess marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

We dismiss in light of the valid appeal waiver. *See United States v. Nguyen,* 235 F.3d 1179, 1182 (9th Cir.2000) (stating that an appeal waiver is valid when it is entered into knowingly and voluntarily); *see also United States v. Cardenas,* 405 F.3d 1046, 1048 (9th Cir.2005) (holding that the changes in sentencing law imposed by *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), did not render waiver of appeal involuntary and unknowing).

DISMISSED.

**UNITED STATES of America, Plaintiff—Appellee,**

v.

**John LESTER, Defendant—Appellant.**

**No. 05–30187.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 27, 2006.*

Decided Feb. 1, 2006.

Norman McIntosh Barbosa, Esq., Kelly L. Harris, Esq., Seattle, WA, for Plaintiff–Appellee.

---

**3.** *Knupfer v. Lindblade (In re Dyer),* 322 F.3d 1178, 1196 (9th Cir.2003).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald D. Ness, Esq., Port Orchard, WA, for Defendant–Appellant.

Before: RAWLINSON and CLIFTON, Circuit Judges, and MARSHALL,** Senior District Judge.

MEMORANDUM***

Relying on *United States v. Merino-Balderrama,* 146 F.3d 758, 762–63 (9th Cir.1998), John Lester argues that the district court abused its discretion by admitting into evidence twenty photographs of child pornography, despite his offer to stipulate that the photographs depicted child pornography. However, unlike in *Merino–Balderrama,* in this case there was evidence that Lester looked at the images of child pornography that he was charged with possessing; no satisfactory evidentiary alternative for the images existed; the images had probative value in multiple ways; and the district court took precautions to prevent unfair prejudice. Under these circumstances, the district court did not abuse its discretion. *See United States v. Hay,* 231 F.3d 630, 638–39 (9th Cir.2000).

AFFIRMED.

---

** The Honorable Consuelo Marshall, Senior United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

